## PUBLIC LIGHTING CONTRACTS.

Court of Appeals for Perry County.

THE OHIO LIGHT & POWER COMPANY ET AL v. STATE OF OHIO, ON RELATION OF THOMAS M. POTTER, PROSECUTING ATTORNEY OF PERRY COUNTY.

Decided, June 30, 1914.

*County Commissioners—Without Authority to Contract for Lighting County Buildings Without First Advertising for Bids—Section 2435-1.*

A contract entered into between county commissioners and a public lighting company for the lighting of county buildings for a definite period is invalid and will be canceled where made without first advertising for bids, notwithstanding no company other than the one with which the contract was made was engaged in furnishing light for public or private consumers in that locality or had the right to use the streets for that purpose, and the contract entered into without advertising was entered into in good faith, and the prices therein specified for lighting are reasonable, and the expense of advertising for bids has been saved.

*T. B. Williams,* for plaintiff in error.
*T. M. Potter,* Prosecuting Attorney, contra.

By THE COURT (Shields, Voorhees and Powell, JJ.).

This action was commenced in the court of common pleas of this county by the defendant in error, who sought to cancel and set aside three certain contracts that had been entered into between the Ohio Light & Power Company and the other plaintiffs named, who are the commissioners of Perry county, Ohio, for the furnishing of electric light by said power company for the use of Perry county in the lighting of its jail, infirmary and the childrens' home buildings which belong to the county. The principal ground upon which it was sought to set aside the contracts was that the same had been entered into between the light and power company and the commissioners of said county without advertising for bids and in violation of the statutes of Ohio with relation to contracts entered into by county commissioners. The particular section of the statute that is claimed to have been infringed is Section 2435-1, and which reads as follows:

"The commissioners of any county may at any time either before or after the completion of any county building, invite bids and award contracts for supplying such building with light, heat and power, or any of the same, for any period of time, not exceeding ten years, but none of the provisions of Section 5660 of the General Code shall apply to any such contracts."

The latter clause of the statute quoted relates solely to the certificate required by law to be filed by the clerk or auditor before a contract for the expenditure of money can be entered into, certifying that the money to carry out such contract is in the treasury, or levied and in course of collection, and does not have any bearing upon the case presented. The pleadings show that a contract was entered into between the parties, plaintiff in error, the Ohio Light & Power Company, on the one hand, and the commissioners of Perry county, on the other hand, by which the Ohio Light & Power Company were to supply the light for the buildings named for a period of five years, at a price agreed upon, with the option to continue for five years longer.

It is contended by the prosecuting attorney that by the terms of this statute, the commissioners were required to submit its proposals for light at competitive bidding, which was not done, and that submission is a condition precedent to the right of the commissioners to enter into any contract for the purpose of supplying light to those buildings, and that because it had been omitted, the contracts themselves were void and should be canceled and set aside.

The defendant, the Ohio Light & Power Company, set out for a defense, in substance, that at the time of entering into each of said contracts, which it admits were made, there was no other firm, person or corporation, except the answering defendant, in said township where the buildings were located, or in the village of New Lexington, furnishing light to public or private consumers, nor was there any other person, firm or corporation, except the answering defendant, at the time of the entering into of said contracts, or since, that had the right to the use of the streets, alleys and public places within the said village of New Lexington, Ohio, for the purpose of transporting and conducting electric current in said village.

It is further said as a part of its said second defense, that it is the only person, firm or corporation furnishing light to public or private consumers in Perry county, Ohio, except a small plant at Junction City, about five miles from the public buildings of Perry county, Ohio, for the lighting of which the contract was made; and further, that there was no other person, firm or corporation, in said county, village or township aforesaid, that could have bid on the lighting of said public buildings, except this answering defendant, in case said county commissioners had advertised for bids for all of said buildings. Further, that said contracts were made in good faith, and the prices therein specified for the lighting of said buildings were and are reasonable. For the reasons given, it alleges that the advertising for bids by the county commissioners was unnecessary and that by omitting said advertising there was a saving of expense to the taxpayers, as there could have been no competition whatever in case advertising was had.

A demurrer was filed to the said second defense.

The question presented is rather a new one in the state of Ohio. It is a general principal that all contracts relating to public affairs and involving annually a large amount of money must be let at public bid, and a majority of the court have arrived at the conclusion that this demurrer is well taken; that the second defense as set out and alleged, does not state a defense to the cause of action contained in the petition, and that the contracts entered into between the Ohio Light & Power Company and the commissioners of Perry county, having been let without notice or inviting bids from any other source, are void, and that the action of the court of common pleas in cancelling and setting aside such contracts was not erroneous, and that the judgment of that court should be affirmed. The cause will be remanded to the court of common pleas for execution, and exceptions may be noted.